MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
MARCOS RAMIREZ ROJAS, *individually and on*
*behalf of others similarly situated,*

|  |  |
|---|---|
| **COMPLAINT** |

*Plaintiff,*

**COLLECTIVE ACTION**
**UNDER 29 U.S.C. § 216(b)**

-against-

**ECF Case**

BROTHER'S BAKERY CAFE CORP. (d/b/a
BROTHER'S BAKERY & CAFE), ANTONIO
SALINAS and OSCAR SALINAS,

*Defendants.*
----------------------------------------------------------X

   Plaintiff Marcos Ramirez Rojas ("Plaintiff Ramirez" or "Mr. Ramirez"), individually and on

behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C.,

upon information and belief, and as against each of Defendants Brother's Bakery Cafe Corp. (d/b/a

Brother's Bakery & Cafe) ("Defendant Corporation"), Antonio Salinas and Oscar Salinas,

(collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

   1.  Plaintiff Ramirez is a former employee of Defendants Brother's Bakery Cafe Corp.

(d/b/a Brother's Bakery & Cafe), Antonio Salinas and Oscar Salinas.

   2.  Brother's Bakery & Café is a café/bakery owned by Antonio Salinas and Oscar

Salinas located at 2155 2nd Ave, New York, New York 10029.

3.     Upon information and belief, Defendants Antonio Salinas and Oscar Salinas serve or served as owners, managers, principals and/or agents of Defendant Corporation, and through this corporate entity operate the café/bakery.

4.     Plaintiff Ramirez is a former employee of Defendants.

5.     Plaintiff Ramirez was ostensibly employed as a delivery worker, but he was required to spend several hours each day performing non-tipped duties unrelated to deliveries, including but not limited to dishwashing, sweeping, mopping, stocking deliveries, twisting and tying up cardboard boxes, taking out the garbage, preparing the dough for the pastries, baking cakes, cutting meat, cutting potatoes, filling sodas stations, buying items at the supermarket, cleaning the kitchen, basement, refrigerator, tables and chairs, windows, walls, the door and the bathrooms, bringing up items from the basement for the cooks in the kitchen, and refilling bottles with sauce(hereinafter, "non-delivery, non-tip duties").

6.     Plaintiff Ramirez regularly worked for Defendants in excess of 40 hours per week without appropriate minimum wage or overtime compensation for any of the hours that he worked.

7.     Rather, Defendants failed to maintain accurate recordkeeping of his hours worked and failed to pay Plaintiff Ramirez appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.     Specifically, Defendants failed to pay Plaintiff Ramirez' wages for any of his hours worked throughout his employment.

9.     Further, Defendants failed to pay Plaintiff Ramirez the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

10.     Defendants employed and accounted for Plaintiff Ramirez as a delivery worker in their payroll, but in actuality his duties included greater or equal time spent performing the non-delivery, non-tipped duties alleged above.

11.     At all times, regardless of his duties, Defendants failed to pay Plaintiff Ramirez and all other delivery workers at the required tip-credit rate.

12.     In addition, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Ramirez's non-tipped duties exceeded 20% of each workday, or 2 hours per day (whichever was less in each day) (12 N.Y.C.R.R. § 146).

13.     Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Ramirez's  actual duties in payroll records to avoid paying Plaintiff Ramirez  at the minimum wage rate, and to enable them to pay Plaintiff Ramirez at the lower tip-credited rate (which they still failed to do), by designating him as a delivery worker instead of a non-tipped employee.

14.     In addition, Defendants maintained a policy and practice of making unlawful deductions from Plaintiff Ramirez' and other similarly situated tip employees' wages.

15.     Defendants' conduct extended beyond Plaintiff Ramirez to all other similarly situated employees.

16.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Ramirez  and other employees to work in excess of forty (40) hours per week without providing them the minimum wage and overtime compensation required by Federal and State law and regulations.

17.     Plaintiff Ramirez  now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law ("NYLL") §§190 and 650 *et seq.*, and "overtime wage order" respectively codified at N.Y.C.R.R. Tit. 12 §§ 142-2.2, 2.4), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

18.     Plaintiff Ramirez seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

19.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Ramirez's state law claims is conferred by 28 U.S.C. § 1367(a).

20.     Venue is proper in this district under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their cafe/bakery in this district, and Plaintiff Ramirez  was employed by Defendants in this district.

## PARTIES

*Plaintiff*

21.     Plaintiff Marcos Ramirez Rojas ("Plaintiff Ramirez" or "Mr. Ramirez") is an adult individual residing in Bronx County, New York.

22.     Plaintiff Ramirez was employed by Defendants from approximately January 1, 2017 until on or about August 2, 2017.

23.     Pursuant to 29 U.S.C. § 216(b), Plaintiff Ramirez consents to being a party and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

24.     At all times relevant to this Complaint, Defendants own, operate, and/or control a cafe/bakery located at 2155 2nd Ave, New York, New York 10029 under the name "Brother's Bakery & Cafe".

25.     Upon information and belief, Brother's Bakery Cafe Corp. (d/b/a Brother's Bakery & Cafe) ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 2155 2nd Ave, New York, New York 10029.

26.     Defendant Antonio Salinas is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Antonio Salinas is sued individually and in his capacity as an owner, officer and/or agent of Defendant Corporation.

27.     Defendant Antonio Salinas possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation and/or controlled significant functions of Defendant Corporation.

28.     Defendant Antonio Salinas determined the wages and compensation of the employees of Defendants, including Plaintiff Ramirez, established the schedules of the employees, maintained employee records and had the authority to hire and fire employees.

29.     Defendant Oscar Salinas is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Oscar Salinas is sued individually and in his capacity as an owner, officer and/or agent of Defendant Corporation.

30.     Defendant Oscar Salinas possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation and/or controlled significant functions of Defendant Corporation.

31.     Defendant Oscar Salinas determined the wages and compensation of the employees of Defendants, including Plaintiff Ramirez, established the schedules of the employees, maintained employee records and had the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

32.     Defendants operate or operated a cafe/bakery located at 2155 2nd Ave, New York, New York 10029.

33.      Individual Defendants Antonio Salinas and Oscar Salinas possess or possessed operational control over Defendant Corporation, possess or possessed an ownership interest in Defendant Corporation, and control or controlled significant functions of Defendant Corporation.

34.     Defendants are or were associated and joint employers, act or acted in the interest of each other with respect to employees, pay or paid employees by the same method and share or shared control over the employees.

35.     Each Defendant possess or possessed substantial control over Plaintiff Ramirez's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Ramirez, and all similarly situated individuals, referred to herein.

36.     Defendants jointly employed Plaintiff Ramirez, and all similarly situated individuals, and are Plaintiff Ramirez's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

37.     In the alternative, Defendants constitute a single employer of Plaintiff Ramirez and/or similarly situated individuals.

38.     Upon information and belief, individual Defendants Antonio Salinas and Oscar Salinas operate Defendant Corporation as either an alter ego of themselves and/or fail to operate Defendant Corporation as a legal entity separate and apart from themselves by, among other things:

> (a)     failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a separate and legally distinct entity;
>
> (b)     defectively forming or maintaining Defendant Corporation by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;
>
> (c)     transferring assets and debts freely as between all Defendants;

(d)    operating Defendant Corporation for their own benefit as the sole or majority shareholders;

(e)    operating Defendant Corporation for their own benefit and maintaining control over it as a closed corporation or closely controlled entity;

(f)    intermingling assets and debts of their own with Defendant Corporation;

(g)    diminishing and/or transferring assets of Defendant Corporation to protect their own interests; and

(h)    other actions evincing a failure to adhere to the corporate form.

39.    At all relevant times, Defendants were Plaintiff Ramirez's employers within the meaning of the FLSA and NYLL.

40.    Defendants had the power to hire and fire Plaintiff Ramirez, controlled the terms and conditions of his employment, and determined the rate and method of any compensation in exchange for Plaintiff Ramirez's services.

41.    In each year from 2017 to 2017, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

42.    In addition, upon information and belief, Defendants and/or their enterprises were directly engaged in interstate commerce. For example, numerous items that were used or sold in the cafe/bakery on a daily basis, such as coffee and sesame seeds, were produced outside of the State of New York.

*Individual Plaintiff*

43.    Plaintiff Ramirez is a former employee of Defendants ostensibly employed as a delivery worker, but who spent more than 20% of the time he worked each day performing the non-delivery, non-tip duties outlined above.

44.    Plaintiff Ramirez seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Marcos Ramirez Rojas*

45.    Plaintiff Ramirez was employed by Defendants from approximately January 1, 2017 until on or about August 2, 2017.

46.    At all relevant times, Plaintiff Ramirez was ostensibly employed by Defendants as a delivery worker. However, Plaintiff Ramirez spent more than 20% of each work day performing the non-delivery, non-tip duties outlined above.

47.    Plaintiff Ramirez regularly handled goods in interstate commerce, such as flour and cleaning fluids produced outside of the State of New York.

48.    Plaintiff Ramirez's work duties required neither discretion nor independent judgment.

49.    Throughout his employment with Defendants, Plaintiff Ramirez regularly worked in excess of 40 hours per week.

50.    From approximately January 1, 2017 until on or about August 2, 2017, Plaintiff Ramirez worked from approximately 9:00 a.m. until on or about 8:30 p.m. four days a week  and

from approximately 8:30 a.m. until on or about 8:30 p.m. Saturdays and Sundays (typically 70 hours per week).

51.     Throughout his employment with Defendants, Plaintiff Ramirez did not received any wages for his work.

52.     Rather, Plaintiff Ramirez was only compensated with cash tips totaling an amount of approximately $600 or $620 per week (an average of $610 per week).

53.     Plaintiff Ramirez was never notified by Defendants that his tips would be the only pay he would receive for his work.

54.     Defendants did not account for these tips in any daily, weekly or other accounting of Plaintiff Ramirez's wages.

55.     Furthermore, Defendants withheld a portion of Plaintiff Ramirez's tips.

56.     Specifically, Defendants pocketed 10% of all Seamless web and other internet order tips customers wrote in for Plaintiff Ramirez.

57.     Defendants did not provide Plaintiff Ramirez with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

58.     Although Plaintiff Ramirez was required to keep track of his start and stop time throughout his employment with Defendants, these records were inaccurate.

59.     In fact, Defendants would force Plaintiff Ramirez to clock out 30 minutes to an hour before he left the bakery.

60.     In addition, Defendants required Plaintiff Ramirez to sign a document the contents of which he did not know, in order to get his weekly pay.

61.     Defendants never provided Plaintiff Ramirez with a written notice, in English and in Spanish (Plaintiff Ramirez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

62.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Ramirez regarding overtime and wages under the FLSA and NYLL.

63.     Defendants required Plaintiff Ramirez to purchase "tools of the trade" with his own funds—including a bicycle, a helmet, a pair of lights, two pair of breaks, rain coat, three pair of gloves and a lock and chain set.

*Defendants' General Employment practices*

64.     Defendants regularly required their employees, including Plaintiff Ramirez, to work in excess of forty (40) hours per week without paying them the appropriate minimum wage, overtime, and Spread of Hours compensation, as required by federal and state laws.

65.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Ramirez (and all similarly situated employees) to work in excess of forty (40) hours per week without paying him appropriate minimum wage and/or overtime compensation, as required by federal and state laws.

66.     As part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Ramirez by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice included failing to pay Plaintiff Ramirez his wages for his hours worked and depriving Plaintiff Ramirez of a portion of the tips earned during the course of employment.

67.    Defendants unlawfully misappropriated charges purported to be gratuities received by Plaintiff Ramirez, and other tipped employees, in violation of New York Labor Law § 196-d (2007).

68.    Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive, or forgo the tip credit and pay them the full hourly minimum wage.

69.    Defendants failed to inform Plaintiff Ramirez that his tips would be credited towards the payment of the minimum wage (which they still failed to do).

70.    At no time did Defendants inform their employees, including Plaintiff Ramirez, that they would reduce their hourly wages by a tip allowance.

71.    Defendants failed to maintain a record of tips earned by Plaintiff Ramirez for the deliveries he made to customers.

72.    Defendants required all delivery workers, including Plaintiff Ramirez, to perform general non-delivery, non-tipped bakery tasks in addition to their primary duties as delivery workers.

73.    Plaintiff Ramirez, and all similarly situated employees, were ostensibly employed as tipped employees by Defendants, although their actual duties included greater or equal time spent performing non-delivery, non-tipped duties.

74.    Plaintiff Ramirez and all other delivery workers were not even paid at the required lower tip-credit rate by Defendants. However, under state law, Defendants were not entitled to a tip credit because the delivery worker's and Plaintiff Ramirez's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever was less) (12 N.Y.C.R.R. § 146).

75.    New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

76.    The delivery workers', including Plaintiff Ramirez's , duties were not incidental to their occupation as delivery workers, but instead constituted entirely unrelated general cafe/bakery work with duties, including the non-tipped duties described above.

77.    In violation of federal and state law as codified above, Defendants classified Plaintiff Ramirez and other delivery workers as tipped employees, but did not even pay them at the tip-credited rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

78.    Defendants' pay practices resulted in Plaintiff Ramirez not receiving payment for any of his hours worked, resulting in Plaintiff Ramirez' effective rate pay falling below the required minimum, tip-credit and applicable overtime wage rate.

79.    Defendants willfully disregarded and purposefully evaded record keeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

80.    Instead, Defendants required Plaintiff Ramirez and all other similarly situated employees, to sign a document, the contents of which they were not allowed to read, in order to get their weekly pay.

13

81.     Upon information and belief, this was done to disguise the actual number of hours Plaintiff Ramirez, and similarly situated employees, worked and to avoid paying them properly for their (1) full hours worked, (2) minimum wage, (3) overtime wages, and (4) spread of hours pay.

82.     Defendants failed to post required wage and hour posters in the bakery, and did not provide their employees, including Plaintiff Ramirez, with statutorily required wage and hour records or statements of their pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of their employees', including Plaintiff Ramirez's, relative lack of sophistication in wage and hour laws.

83.     Defendants failed to provide Plaintiff Ramirez and other employees with wage statements at the time of each payment of wages containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

84.     Defendants failed to provide Plaintiff Ramirez and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the

14

physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

85.    Plaintiff Ramirez brings his FLSA minimum wage, overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in his case (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

86.    At all relevant times, Plaintiff Ramirez , and other members of the FLSA Class who are and/or have been similarly situated, had substantially similar job requirements and pay provisions, and were subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required minimum wage, overtime pay of one and one-half times his regular rates for work in excess of forty (40) hours per workweek under the FLSA, willfully taking improper wage deductions and other improper credits against the FLSA Class' wages for which Defendants did not qualify under the FLSA, and willfully failing to keep records required by the FLSA.

87.    The claims of Plaintiff Ramirez stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS

88.    Plaintiff Ramirez repeats and realleges all paragraphs above as though fully set forth herein.

89.    At all times relevant to this action, Defendants were Plaintiff Ramirez's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Ramirez (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

90.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

91.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act.  29 U.S.C. § 203 (r-s).

92.    Defendants failed to pay Plaintiff Ramirez (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

93.    Defendants' failure to pay Plaintiff Ramirez (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

94.    Plaintiff Ramirez (and the FLSA Class members) were damaged in an amount to be determined at trial.

<u>**SECOND CAUSE OF ACTION**</u>

**VIOLATION OF THE FLSA OVERTIME PROVISIONS**

95.    Plaintiff Ramirez repeats and realleges all paragraphs above as though fully set forth herein.

96.     At all times relevant to this action, Defendants were Plaintiff Ramirez's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Ramirez (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

97.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

98.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

99.     Defendants, in violation of 29 U.S.C. § 207 (a)(1) of the FLSA, failed to pay Plaintiff Ramirez (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

100.     Defendants' failure to pay Plaintiff Ramirez (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

101.     Plaintiff Ramirez (and the FLSA Class members) were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE RATE

102.     Plaintiff Ramirez repeats and realleges all paragraphs above as though fully set forth herein.

103.    At all times relevant to this action, Defendants were Plaintiff Ramirez's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Ramirez (and the FLSA Class members), controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

104.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Ramirez  (and the FLSA Class members) less than the minimum wage.

105.    Defendants' failure to pay Plaintiff Ramirez (and the FLSA Class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

106.    Plaintiff Ramirez (and the FLSA Class Members) were damaged in an amount to be determined at trial.


**FOURTH CAUSE OF ACTION**

**VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK STATE**

**LABOR LAW**

107.    Plaintiff Ramirez repeats and realleges all paragraphs above as though fully set forth herein.

108.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*. and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Ramirez   overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

109.    Defendants failed to pay Plaintiff Ramirez (and the FLSA class members) in a timely fashion, as required by Article 6 of the New York Labor Law.

110.    Defendants' failure to pay Plaintiff Ramirez (and the FLSA class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

111.    Plaintiff Ramirez (and the FLSA class members) were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

## OF THE NEW YORK COMISSIONER OF LABOR

112.    Plaintiff Ramirez repeats and realleges all paragraphs above as though fully set forth herein.

113.    Defendants failed to pay Plaintiff Ramirez  one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Ramirez's  spread of hours exceeded ten hours in violation of NYLL §§ 190 *et seq.* and 650 *et seq.* and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

114.    Defendants' failure to pay Plaintiff Ramirez  an additional hour's pay for each day Plaintiff Ramirez's  spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

115.    Plaintiff Ramirez was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

**REQUIREMENTS OF THE NEW YORK LABOR LAW**

116.     Plaintiff Ramirez repeats and realleges all paragraphs above as though fully set forth herein.

117.     Defendants failed to provide Plaintiff Ramirez  with a written notice, in English and in Spanish (Plaintiff Ramirez's  primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

118.     Defendants are liable to Plaintiff Ramirez in the amount of $5,000, together with costs and attorney's fees.

**SEVENTH CAUSE OF ACTION**

**VIOLATION OF THE WAGE STATEMENT PROVISIONS**

**OF THE NEW YORK LABOR LAW**

119.     Plaintiff Ramirez repeats and realleges all paragraphs above as though set forth fully herein.

120.     Defendants did not provide Plaintiff Ramirez with a statement of wages with each payment of wages, as required by NYLL 195(3).

121.     Defendants are liable to Plaintiff Ramirez in the amount of $5,000, together with costs and attorney's fees.

**EIGHTH CAUSE OF ACTION**

**(RECOVERY OF EQUIPMENT COSTS)**

122.     Plaintiff Ramirez repeats and re-alleges all paragraphs above as though set forth fully herein.

123.    Defendants required Plaintiff Ramirez to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, such as bicycles, further reducing his wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

124.    Plaintiff Ramirez was damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

### (VIOLATION OF THE TIP WITHHOLDING PROVISIONS

### OF THE NEW YORK LABOR LAW)

125.    Plaintiff Ramirez repeats and re-alleges all paragraphs above as though set forth fully herein.

126.    Defendants unlawfully and without permission from Plaintiff Ramirez misappropriated and withheld gratuities paid by customers which should have been retained by Plaintiff Ramirez.

127.    Defendants' action violated NYLL §196-d.

128.    Defendants are liable to Plaintiff Ramirez in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Ramirez respectfully request that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency

of this action, and permitting them promptly to file consents to be plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Ramirez  and the FLSA class members;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Ramirez  and the FLSA class members;

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Ramirez's , and the FLSA class members', compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Ramirez  and the FLSA class members;

(f)    Awarding Plaintiff Ramirez  and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

(g)    Awarding Plaintiff Ramirez  and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)    Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Ramirez and the members of the FLSA Class;

(i)    Declaring that Defendants violated the overtime wage provisions of, and rules and

orders promulgated under, the NYLL as to Plaintiff Ramirez and the members of the FLSA Class;

(j)    Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Ramirez and the members of the FLSA Class;

(k)    Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff Ramirez's , and the FLSA Class members', compensation, hours, wages; and any deductions or credits taken against wages;

(l)    Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Ramirez and the FLSA Class members;

(m)    Awarding Plaintiff Ramirez and the FLSA class members damages for the amount of unpaid minimum and overtime wages, spread of hours pay and damages for any improper deductions or credits taken against wages, under the NYLL as applicable;

(n)    Awarding Plaintiff Ramirez and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable;

(o)    warding Plaintiff Ramirez damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p)    Declaring that Defendants' violations of NYLL § 191 were willful as to Plaintiff Ramirez and the FLSA class members;

(q)    Awarding Plaintiff Ramirez and the FLSA class members pre-judgment and post-judgment interest as applicable;

(r)    Awarding Plaintiff Ramirez  and the FLSA class members the expenses incurred in this action, including costs and attorneys' fees;

(s)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(t)    All such other and further relief as the Court deems just and proper.

### JURY DEMAND

Plaintiff Ramirez demands a trial by jury on all issues triable by a jury.


Dated: New York, New York
       September 18, 2017

MICHAEL FAILLACE & ASSOCIATES, P.C.

_____/s/ Michael Faillace_____
By:    Michael A. Faillace [MF-8436]
       60 East 42nd Street, Suite 4510
       New York, New York 10165
       (212) 317-1200
       *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

September 11, 2017

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff. **(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name/ Nombre:                                         Marcos Ramirez Rojas

Legal Representative/ Representante          Michael Faillace & Associates, P.C.
Legal:

Signature/ Firma:

Date/ Fecha:                                              September 11, 2017

*Certified as a minority-owned business in the State of New York*